**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES L. SANDERS, #A-10008,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 11-cv-249-JPG** |
| | ) | |
| **RANDY J. DAVIS, D. OLMSTED,** | ) | |
| **OFFICER LAWRENCE, and OFFICER** | ) | |
| **ARVI,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff James L. Sanders, an inmate in Stateville Correctional Center, brings this action

for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events that

occurred while Plaintiff was housed at Pinckneyville Correctional Center.  Plaintiff is serving

sentences of twenty, thirty, and thirty-five years for armed robberies, and six years for attempted

armed robbery.  This case is now before the Court for a preliminary review of the complaint

pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as
> soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks
> redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from
> > such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

On December 16, 2010, Defendant Arvi (a correctional officer) caused Plaintiff to be moved to a different housing unit.  Defendant Arvi then told another inmate (Nolan) that Plaintiff had "spread rumors that inflamed him" (Doc. 1, pp. 4, 5).  Plaintiff claims that Inmate Nolan had a history of assaulting other inmates.  As a result of Defendant Arvi's comments to Inmate Nolan, Nolan attacked Plaintiff on December 18, 2010, and injured his right eye.  Plaintiff was

then moved back to his original housing unit.

After the attack on Plaintiff, Defendant Olmsted (a correctional officer) falsely reported that Plaintiff had fought with the other inmate (Doc. 1, p. 5; Doc. 1-1, p. 1).  Plaintiff claims that due to a medical condition, he was unable to make a fist or throw punches, and in fact he was blindsided by Inmate Nolan's attack and did not hit back.  Defendant Lawrence (a correctional officer) conspired with Defendant Olmsted to lie about the incident and co-sign the report stating that Plaintiff and Inmate Nolan struck each other in the face (Doc. 1-1, p. 1).

A disciplinary hearing was held, and Plaintiff was given thirty days in segregation and a thirty-day demotion to C grade (Doc. 1, p. 4).  Plaintiff states that he was not given copies of the officers' incident reports prior to his hearing, and without them he could not adequately defend himself against the charges (Doc. 1, p. 5).

Plaintiff requests compensatory damages and a transfer to another institution for his safety, as well as other injunctive relief.  Approximately two months after Plaintiff filed the instant complaint, he was transferred to Stateville, where he remains.

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into three (3) counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

## Count 1 - Instigating Inmate Assault

Plaintiff claims that Defendant Arvi purposely incited Inmate Nolan to attack Plaintiff, by first moving Plaintiff to Inmate Nolan's housing unit, and then feeding information to Inmate

Nolan that made him hostile toward Plaintiff.  The creation of such a threat of bodily harm implicates Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment.

As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the Eighth Amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  The Constitution also prohibits punishment that is totally without penological justification.  *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety.  *See Rhodes,* 452 U.S. at 346; *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  In order to prevail on such a claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991).  The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).  The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994).  The conditions must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

The subjective component of unconstitutional punishment is the intent with which the

acts or practices constituting the alleged punishment are inflicted.  *Jackson*, 955 F.2d at 22.  The

subjective component requires that a prison official had a sufficiently culpable state of mind.  *See*

*Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994).  In

an Eighth Amendment case, the relevant state of mind is deliberate indifference to inmate health

or safety; the official must be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he also must draw the inference.  *See, e.g., Wilson*,

501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825,

837 (1970); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  The deliberate

indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act

despite the official's knowledge of a substantial risk of serious harm.  *Farmer*, 511 U.S. at 842.

Allegations that a prison officer has provoked or persuaded another inmate to cause harm

to a plaintiff support an inference that the officer attempted to inflict injury on the plaintiff in

violation of the Eighth Amendment.  *See Irving v.  Dormire*, 519 F.3d 441, 449 (8th Cir. 2008)

(officer's attempt to have other inmates attack plaintiff may violate Eighth Amendment, even

where the plaintiff was not actually assaulted); *Northington v. Jackson*, 973 F.2d 1518, 1525

(10th Cir. 1992) (Eighth Amendment claim stated where guard "intended to do harm to [a

prisoner] by inciting inmates to beat him.").

Here, not only did Defendant Arvi's actions create a threat to Plaintiff's physical safety,

the threat materialized into an actual attack.  Accordingly, Plaintiff's claim against Defendant

Arvi shall receive further review.

**Count 2 - False Disciplinary Charge**

In *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984), the Seventh Circuit held

that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth

Amendment claim when the accused inmate is given a subsequent hearing on those charges in

which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S.

539, 564-67 (1974) (advance written notice of the charge, right to appear before the hearing

panel, the right to call witnesses if prison security allows, and a written statement of the reasons

for the discipline imposed).  The Seventh Circuit reasoned that prisoners have a right "to be free

from arbitrary actions of prison officials," *Hanrahan,* 747 F.2d at 1140, but determined that the

procedural protections outlined in *Wolff* provided the appropriate protection against arbitrary

actions taken by a correctional officer such as issuing the inmate a fabricated conduct violation.

In the instant complaint, Plaintiff states that Defendants Olmsted and Lawrence falsely

accused him of fighting with Inmate Nolan when in actual fact, Plaintiff was the victim of an

attack and was unable to hit back.  Plaintiff also complains that he was prejudiced by not

receiving copies of the incident reports in advance of his hearing, and that if the matter had been

fully investigated, he would not have been punished (Doc. 1, p. 5).  He requests the Court to

order a polygraph test so that he may prove the truth of his version of events.

Despite these allegations, nowhere does Plaintiff state that officials failed to provide him

with twenty-four hour advance written notice of the charges against him.  Such written notice

must be adequate to inform an inmate of the charges against him, so that he can "marshal the

facts and prepare a defense," yet *Wolff* does not require the notice to specifically include copies

of incident reports.  *Wolff*, 418 U.S. at 564.  Therefore, Plaintiff does not establish any violation

of the required procedure in the conduct of his hearing.

When an inmate is given a proper hearing, yet is found guilty of the false charge, he does

not have a constitutional claim so long as the decision of the disciplinary hearing board was supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).  The disciplinary report Plaintiff includes with his complaint (Doc. 1-1, p. 1) provides the necessary supporting evidence, notwithstanding Plaintiff's dispute with its veracity.

Plaintiff's request for a polygraph test shall not be granted by the Court, nor was the prison obligated to provide one.  Inmates are not entitled to take a polygraph test in an attempt to disprove guilt.  *See Jemison v. Knight*, 244 F. App'x 39, 42 (7th Cir. 2007); *Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings); *see also Outlaw v. Wilson*, No. 07-cv-54, 2007 WL 1295815 *2 (N.D. Ind. April 30, 2007) (inmate had no right to require prison staff to create favorable evidence in the form of a lie detector test).

Clearly, Plaintiff was afforded the procedural protections outlined in *Wolff*.  However, even if this had not been the case, he still would not have an actionable claim.  In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court of the United States rejected an argument that "any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause." *Id*. at 484.  Furthermore, the Supreme Court held that while a state could create a liberty interest protected by the Due Process Clause, such interests were limited to cases where the discipline imposes an "atypical, significant deprivation" on the inmate in relation to the ordinary incidents of prison life - especially totally discretionary types of confinement such as administrative segregation and protective custody.  *Id*. at 486.

In light of *Sandin*, the Seventh Circuit has observed that "the right to litigate disciplinary confinements has become vanishingly small."  *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir.

1997).   Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty."  *Id.* at 1176.

This Court understands *Sandin* and *Wagner* as holding that even a prisoner's arbitrary confinement in disciplinary segregation, administrative segregation, or protective custody does not implicate any liberty interest – under either the Due Process Clause or state law – so long as the confinement itself does not constitute an "atypical, significant deprivation."  A particular confinement is "atypical [and] significant" only if the conditions under which the inmate is confined are substantially more restrictive than administrative segregation at the most secure prison in that state.  *Wagner*, 128 F.3d at 1175.  Subsequent opinions by the Seventh Circuit have explained that where the duration of confinement in segregation is relatively short, no liberty interest will be implicated.  *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 n.2 (7th Cir. 2009) (collecting cases).

In the case currently before the Court, Plaintiff's discipline consisted of thirty days in segregation and thirty days of demotion to "C" grade.  Nothing in the complaint or exhibits suggests that the conditions that Plaintiff had to endure because of being found guilty of the false conduct violation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois.  Nor does the duration of Plaintiff's time in segregation trigger due process concerns.  Accordingly, Plaintiff has failed to allege facts indicating that he was deprived of a liberty interest, either under the Due Process Clause or created by the State, and this claim against Defendants Olmsted and Lawrence shall be dismissed with prejudice.

**Count 3 - Conspiracy to Produce False Disciplinary Report**

Finally, Plaintiff accuses Defendants Olmstead and Lawrence of conspiring together to produce the false disciplinary report against Plaintiff. While a conspiracy claim may be cognizable under § 1983, *see Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002), conspiracy is not an independent basis of liability in a civil rights action. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996).

As noted above, no constitutional violation arose from the filing of the false disciplinary charge and ensuing punishment. Therefore, the alleged conspiracy likewise cannot give rise to a constitutional claim, and this claim shall be dismissed with prejudice.

**Defendant Davis**

Plaintiff lists the Pinckneyville Warden, Randy J. Davis, as a Defendant in the caption of his complaint. However, the statement of claim does not include any allegations against Defendant Davis. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Furthermore, Defendant Davis cannot be held liable for the alleged violation of Plaintiff's constitutional rights merely because he is the chief administrator of the prison. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville*

*v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987);  *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

Accordingly, Defendant Davis shall be dismissed from this action with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 2** and **3** fail to state a claim upon which relief may be granted, and thus are **DISMISSED** with prejudice.  Defendants **DAVIS, OLMSTED,** and **LAWRENCE** are **DISMISSED** from this action with prejudice.

As to the remaining claim in **COUNT 1, IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendant **ARVI**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any

documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 9, 2012**

_____ *s/J. Phil Gilbert* _____
**United States District Judge**