IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES L SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. **3:11-cv-00249-JPG-PMF** |
| | ) |
| RANDY J DAVIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is the defendant Officer Avri's (Doc. 36) motion for summary judgment and the plaintiff James L Sanders' response (Docs. 43) thereto. For the following reasons, it is recommended that the defendant's (Doc. 36) motion for summary judgment be denied.

### I.   FACTS

The plaintiff, James L Sanders, is presently an inmate at Western Illinois Correctional Center ("Western"). This lawsuit is based on events that occurred while Sanders was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Both correctional facilities are under the jurisdiction of the Illinois Department of Corrections ("IDOC").

In its initial screening order (Doc. 19), the Court summarized the relevant allegations of the complaint as follows:

> On December 16, 2010, Defendant Arvi (a correctional officer) caused Plaintiff to be moved to a different housing unit. Defendant Arvi then told another inmate (Nolan) that Plaintiff had "spread rumors that inflamed him" (Doc. 1, pp. 4, 5). Plaintiff claims that Inmate Nolan had a history of assaulting other inmates. As a result of Defendant Arvi's comments to Inmate Nolan, Nolan attacked Plaintiff on December 18, 2010, and injured his right eye. Plaintiff was then moved back to his original housing unit.
> After the attack on Plaintiff, Defendant Olmsted (a correctional officer) falsely reported that Plaintiff had fought with the other inmate (Doc. 1, p. 5; Doc.

1

> 1-1, p. 1). Plaintiff claims that due to a medical condition, he was unable to make a fist or throw punches, and in fact he was blindsided by Inmate Nolan's attack and did not hit back. Defendant Lawrence (a correctional officer) conspired with Defendant Olmsted to lie about the incident and co-sign the report stating that Plaintiff and Inmate Nolan struck each other in the face (Doc. 1-1, p. 1).
>
> A disciplinary hearing was held, and Plaintiff was given thirty days in segregation and a thirty-day demotion to C grade (Doc. 1, p. 4). Plaintiff states that he was not given copies of the officers' incident reports prior to his hearing, and without them he could not adequately defend himself against the charges (Doc. 1, p. 5).

Doc. 19 at 2-3.

## II.  PROCEDURAL HISTORY

On March 30, 2011, Sanders filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant Officer Avri and three others.  On January 9, 2012, the Court conducted preliminary review of the complaint pursuant to its authority in 28 U.S.C. § 1915A. *See* Doc. 19. In that order, the Court dismissed two of three counts of the complaint and dismissed three defendants. *See id.*  The Court found that Sanders stated an Eighth Amendment (Cruel and Unusual Punishment Clause) claim in Count 1 of the complaint against Officer Avri for the allegations that he instigated an inmate assault on Sanders. *See id*.  On June 29, 2012, defendant Officer Avri filed the instant motion for summary judgment claiming that Sanders failed to exhaust his administrative remedies with respect to the remaining claims in this lawsuit. *See* Doc. 41.

## III.  DISCUSSION

Pursuant to the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with a lawsuit. *See* 42 U.S.C. § 1997e(a); *see also Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999).  The Seventh Circuit

has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "Exhaustion is an affirmative defense, and the burden of proof is on the defendants." *Id.* (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

The IDOC has a three-step process that prisoners under their jursidiction are required to follow in order to exhaust administrative remedies. For the first step, the prisoner must first attempt to resolve the dispute through his or her grievance counselor. *See* 20 Ill.Admin.Code § 504.810. At step two, if the prisoner is unable to resolve the dispute through his or her counselor, the prisoner may file a written grievance with the Grievance Officer within sixty (60) days of discovery of the dispute. *See id*. The grievance must contain factual details regarding each aspect of the dispute, including "what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the [dispute]." *Id*. The Grievance Officer then considers the grievance and reports his or her findings and recommendations in writing to the Chief Administrative Officer ("CAO"). *See* 20 Ill.Admin.Code § 504.830. The CAO typically advises the prisoner of the decision at step two in writing within two months after receipt of the written grievance. *See id.* The third and final step of the exhaustion process is an appeal to the Administrative Review Board ("ARB"). After receiving a response from the CAO at step two, the prisoner has thirty (30) days from the date of the response to appeal to the ARB. *See* 20 Ill.Admin.Code § 504.850. The ARB typically makes a final determination within six (6) months after receipt of the appealed grievance. *See id*. With regard to prisoners under the control of the IDOC, administrative remedies may be deemed fully exhausted after the prisoner receives a copy of the ARB's decision at step three.

When there are factual issues relating to the exhaustion defense, the Court must resolve those issues by conducting an evidentiary hearing. *See Pavey*, 544 F.3d at 740-42. The Court is permitted to make findings of fact and credibility assessments of witnesses at such an evidentiary hearing. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). If the Court finds that the prisoner exhausted his administrative remedies, "the case will proceed to pretrial discovery, and if necessary a trial, on the merits." *See Pavey*, 544 F.3d at 742. If the Court finds that the prisoner did not exhaust his administrative remedies, the Court determines whether:

(a) the plaintiff has unexhausted remedies, and so he must go back and exhaust;
(b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or
(c) the failure to exhaust was the prisoner's fault, in which event the case is over.

*Id*.

### A. The Defendants' Motion for Summary Judgment (Doc. 36)

The remaining defendant argues that Sanders failed to properly exhaust a grievance with respect to the remaining claim in this litigation. In support, the defendant has provided the affidavit of Sherry Benton, an ARB Chairperson. *See* Doc. 37-1 at 10-12. Ms. Benton attests that Sanders attempted to grieve the remaining claim of this lawsuit, but his grievances were returned on three occasions because he failed provide the necessary documentation for ARB review. *See id*. at 12. The defendant has attached 15 pages of grievances, letters, and responses as an exhibit to the (Doc. 36) motion for summary judgment. *See id*. at 13-28.

In addition to the defendant's affidavit and exhibits, the defendant has filed Sanders' response to the defendant's interrogatory. *See* Doc. 37-1 at 1-4. The interrogatory and response can be summarized as follows:

>INTERROGATORY 1: With regard to all claims stated in your complaint, please identify all steps you took to grieve each issue, including the following:
>A: The number of grievances you wrote related to the issues in your complaint. State the date you wrote each grievance.
>RESPONSE TO INTERROGATORY 1A: Filed grievance 12/18/10 emergency to the warden. Plaintiff's grievance was sent back to him 1/28/11 by the warden, plaintiff sent grievance to Springfield which was received 2/8/11, wrote Director and warden letters.
>B: The dates of submission of each grievance at each level of the grievance process:
>RESPONSE TO INTERROGATORY 1B: Institutional level, submitted 12/18/10. Springfield received grievance 2/8/11.
>C: The manner in which you submitted the grievances at each level:
>RESPONSE TO INTERROGATORY 1C: The United States Mail.
>D: The name of any person to whom you gave the grievances at each level of the process:
>RESPONSE TO INTERROGATORY 1D: Warden Randy J. Davis – sent grievance to 12/18/10. Randy J. Davis – wrote letter to 12/20/10. DOC Director Taylor – wrote letter to 1/17/11.
>E: The dates of the responses at any level:
>RESPONSE TO INTERROGATORY 1E: grievance sent back to plaintiff 1/28/11 by warden declared non-emergency. Springfield sent grievance back no response.
>F: The dates of the final determination by the ARB:
>RESPONSE TO INTERROGATORY 1F: None received.
>G: Whether you are in possession of any grievances or grievance response related to this lawsuit. If you are not, state why you are not:
>RESPONSE TO INTERROGATORY 1G: See copies sent.

*Id*.

It is the defendant's position that the submitted exhibits are evidence that Sanders failed to properly exhaust his administrative remedies. A prisoner is required to strictly follow all rules established by the confining authority. *See Dole*, 438 F.3d at 809. If it is more likely than not that Sanders failed to follow the correct process in exhausting his administrative remedies, then this case should be dismissed. *See id*.

Sanders has submitted evidence in response in the form of his own affidavit. *See* Doc. 43 at 7-8. Sanders admits that he initially filed a grievance on December 18, 2010, and that

grievance was returned to him because the Warden deemed it a non-emergency. Sanders was informed that he needed to submit the grievance in the normal manner. Sanders attests that he then sent the grievance to segregation counselor Mr. Hardeman. Sanders waited for Hardeman to "sign off" on his grievance (step one) so he could submit the grievance to the grievance officer (step two). Sanders claims that Hardeman returned the grievance but did not sign it. Sanders then submitted the grievance to Ms. Deen, the grievance officer. Ms. Deen also returned the grievance without signing off. Sanders then sent correspondence to IDOC Director Taylor and ARB Chairperson Sherry Benton indicating that he attempted to exhaust his administrative remedies in the normal manner, but the grievance counselor and officer would not process it.

On August 30, 2012, the Court found that genuine issues of material fact existed, and an evidentiary hearing in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), was necessary. *See* Doc. 44.

### B. Evidentiary Hearing

An evidentiary was held on October 2, 2012. *See* Doc. 46. The Court heard evidence in the form of Sanders' own testimony. Sanders repeated the allegations provided in his affidavit regarding the failures of prison staff at the institution level to respond to his grievances. Sanders was able to provide detailed answers to questioning by the Court, and there was no reason to question the credibility of his statements. The defendant did not offer any testimony or evidence relevant to the December 18, 2010 grievance.

The Court questioned Sanders about his responses to the defendant's interrogatory. Sanders failed to include the information about his exhaustion attempts at the institutional level after his December 18 grievance was returned by the Warden as a non-emergency. Specifically, Sanders failed to include information about grievance counselor, Mr. Hardeman, and grievance

6

officer, Ms. Deen, in his response to the interrogatory. While Sanders did not have a clear answer as to why he excluded this information, he was able to rehabilitate his testimony by referring the letters he wrote to IDOC Director and ARB Chairperson in early 2011. A copy of letter written to ARB Chairperson Sherry Benton and stamped as received by the ARB on March 3, 2011 is included in several exhibits in the record. *See, e.g.,* Doc. 43 at 15-17. This letter states that after his grievance was returned by the Warden as a non-emergency, "no one on the institutional level would comment." *Id*. at 15. Further, the letter states that "my counselor – Mr. Hardeman, Grievance Officer, nor even Warden Davis would write down a response, so I forwarded it to the [ARB] …" *Id*. The information in the letter is consistent with both Sanders' affidavit and testimony.

### C. Analysis

The plaintiff is only required exhaust administrative remedies that are actually available to him. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (citing 42 U.S.C. § 1997e(a); *Johnson v. Litscher*, 260 F.3d 826, 829 (7th Cir. 2001)); *see also Dale*, 376 F.3d at 656; *Dole*, 438 F.3d at 808-11. If it is evident that prison officials failed to respond to Sanders' grievances, then administrative remedies were unavailable to him. *See, e.g., Dole*, 438 F.3d at 812 (finding that exhaustion was unavailable to pro se prisoner who claimed to have filed a grievance that IDOC prison officials had no record of).

Sanders' evidence and testimony indicate that he attempted to exhaust administrative remedies, but prison staff was not entirely responsive to his grievances. The Court has found Sanders' testimony regarding his exhaustion attempts to be credible. The defendant has not presented any relevant evidence besides the exhibits attached to his motion for summary judgment. It would be inappropriate for the Court to conclude that the defendants have met their

7

burden of proof by a preponderance of the evidence in this situation.  Accordingly, it will be recommended that the defendants' (Doc. 36) motion for summary judgment be denied.

## IV. RECOMMENDATION

For the forgoing reasons, it is recommended that the defendant's (Doc. 36) motion for summary judgment be denied.

**SO RECOMMENDED.**

**DATED: October 15, 2012.**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**