IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES L. SANDERS,

    Plaintiff,

vs.

RANDY J. DAVIS, D. OLMSTED, OFFICER
LAWRENCE, and OFFICER ARVI,

    Defendants.

Case No. 11-cv-249-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 47) of Magistrate Judge Philip M. Frazier recommending the Court deny defendant Officer Arvi's ("Arvi") motion for summary judgment (Doc. 36). Arvi filed an objection (Doc. 48).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because the Court has received an objection to the R & R, it will review the portions of the record to which Arvi objected *de novo*.

Sanders claim against Arvi, a correctional officer, stems from an incident in which Arvi allegedly caused Sanders to be moved to another housing unit. According to Sanders, Arvi told another inmate that Sanders had "spread rumors that inflamed him." (Doc. 1, pp. 4, 5). As a

result of Arvi's comments, an altercation resulted between Sanders and the other inmate in which Sanders received an injury to his right eye.

Arvi, the only remaining defendant, alleges that Sanders failed to exhaust his administrative remedies. In his motion for summary judgment, Arvi argued that the affidavit of Sherry Benton, an ARB Chairperson, attesting that Sanders failed to provide necessary documentation with his grievances, and discovery received from Sanders in which he failed to include his efforts to exhaust administrative remedies at the institutional level, provides evidence that Sanders failed to properly exhaust administrative remedies. Sanders, however, provided his own affidavit in response in which he described his efforts to submit grievances to institutional-level staff. Specifically, Sanders attested that he first sent his grievance to the warden who returned it, deeming it a non-emergency. Thereafter, Sanders submitted his grievance to two institutional staff members, the segregation counselor and the grievance officer, but they returned the grievance to him unsigned.

Pursuant to *Pavey v. Conley*, 663 F.3d 899 (7th Cir. 2011), Magistrate Judge Philip M. Frazier held an evidentiary hearing to resolve factual disputes over Sander's exhaustion of administrative remedies. At the hearing, Judge Frazier found Sanders' testimony with respect to his exhaustion of administrative remedies to be credible. Further, Sanders' testimony was supported by a letter to ARB Chairperson Sherry Benton in which Sanders stated that "no one on the institutional level would comment" on his grievances. Doc. 43 at 15. The letter went on to state that "my counselor – Mr. Hardeman, Grievance Officer, nor even Warden Davis would write down a response, so I forwarded it to the [ARB] . . . ." *Id*.

The burden of proving a prisoner failed to his exhaust his administrative remedies lies with the defendant. *Dole v. Chandler*, 438 F.3d 804, 908 (7th Cir. 2006). Prisoners are only

2

required to exhaust *available* remedies pursuant to 42 U.S.C. § 1997e, and "prison officials' failure to respond to a prisoner's claim can render administrative remedies unavailable." *Bregettcy v. Horton*, 423 F.3d 674 (7th Cir. 2005).  With these principles in mind, the Court will now address each of Arvi's objections in turn.

In his objection, Arvi first argues that the magistrate judge's ruling was in error because Sanders "did not complain to the ARB about a failure to get the facility response until correspondence the ARB received on March 3, 2011 – well past the 60-day time frame in which grievances are to be filed.  *See* Ill. Admin. Code tit. 20, § 504.810(a)."  Doc. 48, p. 3.  The 60-day requirement in § 504.810(a), however, governs the time within which a grievance must be filed with the Grievance Officer.  It does not govern any time frame in which the prisoner must correspond with the ARB.  Accordingly, the Court fails to see how the prisoner's complaint to the ARB of the Grievance Officer's failure to respond to a grievance is governed by the cited section.

Next, Arvi points out that "during the hearing [Sanders] indicated he had made a written request to the Grievance Officer Deen.  Upon further questions, [Sanders] revealed that this request slip was dated March 1, 2010, well before any of this had occurred."  Doc. 48, p. 3.  Obviously, this date is incorrect.  The Court finds it hard to believe that Sanders meant to indicate he submitted a grievance nine months before the incident occurred.  However, this date is at odds with other portions of Sanders' testimony, which the magistrate judge found credible, wherein Sanders indicated he filed a grievance with the grievance officer subsequent to the incident.  It is further at odds with Sander's letter to the ARB which also indicated he submitted the grievance subsequent to the incident.

3

Arvi further argues that "[e]ven if [Sanders] had tried to get the requisite facility responses, there is no information to support a conclusion that he tried and failed to get the responses by following the written grievance procedure." Doc. 48, p. 3. This is simply not the case. The record indicates that Sander's affidavit and letter to the ARB provide evidence that Sanders did follow the written grievance procedure.

Finally, Arvi contends that his timeline supports the argument that Sanders failed to exhaust administrative remedies. He goes on to argue that "[i]f [Sanders] had actually submitted his grievance to the counselor or Grievance Officer, he did not give them more than a few weeks before he contacted the ARB. [Sanders] never gave the facility a chance to make a decision before he appealed to the ARB." Doc. 48, p. 4. Sanders, however, claims that the counselor and grievance counselor both returned his grievances to him unsigned. Accordingly, it would be reasonable for Sanders to believe, at that point, he would not receive a response to his grievances at the institutional level. This would explain why Sanders filed his appeal with the ARB in such a short period of time.

Thus, after considering Arvi's objections to the R & R and reviewing the record *de novo* with respect to those objections, the Court agrees with Magistrate Judge Philip M. Frazier's conclusion that Arvi failed to meet his burden of proof by a preponderance of the evidence. Accordingly, the Court **ADOPTS** the R & R (Doc. 47) in its entirety and **DENIES** Arvi's motion for summary judgment (Doc. 36).

**IT IS SO ORDERED.**

**DATED:** November 16, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
