IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES L. SANDERS,<br><br>    Plaintiff,<br><br>vs.<br><br>RANDY J. DAVIS, D. OLMSTED, OFFICER LAWRENCE, and OFFICER ARVI,<br><br>    Defendants. | Case No. 11-cv-249-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Officer Arvi's motion for summary judgment (Doc. 57) to which plaintiff James L. Sanders has responded (Docs. 60, 71 & 84). For the following reasons, the Court grants Arvi's motion.

**1. Facts and Procedural History**

Sanders, currently incarcerated at Western Illinois Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights occurring while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). After performing a preliminary review of Sanders' complaint pursuant to 28 U.S.C. § 1915A, the Court divided Sanders' complaint into three counts as follows: (1) an Eighth Amendment cruel and unusual punishment claim against Arvi for instigating an inmate assault; (2) a Fourteenth Amendment due process claim against defendants Olmsted and Lawrence for their involvement in a false disciplinary charge against Sanders; and (3) a conspiracy claim against defendants Olmsted and Lawrence for conspiring together to produce the false disciplinary report. Only the Eighth Amendment claim alleging Arvi violated Sanders' right to be free from cruel and unusual

punishment survived this preliminary review.  Thus, the Court will review only the facts as they relate to this remaining claim.

Sanders alleged in his complaint as follows.  On December 16, 2010, Arvi, a correctional officer at Pinckneyville, arranged for Sanders to be moved to a different housing unit.  Shortly thereafter, Sanders was moved back to his original housing unit for unknown reason.  Prior to this move, Arvi told Nolan, an inmate with a history of assaulting other inmates, that Sanders had "spread rumors that inflamed him."  Doc. 1, pp. 4, 5.  Nolan then attacked Sanders on December 18, 2010, while Sanders was moving back to his original housing unit, injuring Sanders' right eye.

On January 14, 2013, Arvi deposed Sanders concerning the alleged events.  Sanders explained that Nolan told him that Sanders "was spreading rumors that [Nolan] had [Arvi] to move [Sanders]."  Doc. 58-1, p. 13.  Arvi's counsel asked Sanders, "Do you know if Officer Arvai told Inmate Nolan anything about your move?"  Sanders responded, "No, I don't.  I can't – I would be lying if I said I did."  Doc. 58-1, p. 41.

Arvi filed his motion for summary judgment arguing he is entitled to judgment as a matter of law because (1) Sanders cannot meet his burden, (2) the record establishes that Arvi did not violate Sanders' constitutional rights, and (3) Arvi is entitled to qualified immunity.  Arvi maintains he moved Sanders to another housing unit for Sanders' safety after Arvi heard rumors that other inmates may harm Sanders.  The Court will turn to consider whether Arvi is entitled to summary judgment.

   **2. Analysis**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992). If the moving party is defending the claim at trial, he need not provide evidence affirmatively negating the plaintiff's claim. It is enough that he point to the absence of evidence to support an essential element of the plaintiff's claim for which she carries the burden of proof at trial *Celotex*, 477 U.S. at 322-23, 325.

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

The Court will first address Arvi's argument that Sanders cannot meet his burden to prove his Eighth Amendment cruel and unusual punishment claim. Specifically, Arvi argues that there is no evidence (1) that Arvi talked to Nolan about moving Sanders or his reasons for

3

moving Sanders; (2) concerning Arvi's motivation for moving Sanders; (3) that Arvi moved Sanders or spread rumors in order to provoke an attack on Sanders; and (4) that Arvi intended for Sanders to suffer any harm. In support of his motion for summary judgment, Arvi attaches his own affidavit in which he attests that he moved Sanders to another housing unit for Sanders' protection and he did not discuss his reasons for moving Sanders with any inmates. Sanders responds alleging that Nolan told him Arvi spread the rumors, Arvi was not justified in transferring Sanders because the rumors that Sanders was under threat were unsubstantiated, and Arvi failed to follow protocol in effectuating Sanders' move to a new housing unit.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. The test for an Eighth Amendment violation due to conditions of confinement has two components, an objective and a subjective one. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the condition of confinement about which the inmate complains must be objectively serious; it must result in the denial of "'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, the official must have a sufficiently culpable state of mind, that is, he must at a minimum be deliberately indifferent. *Farmer*, 511 U.S. at 834. An official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

The parties agree that Nolan attacked Sanders. They disagree as to whether Arvi instigated this attack. If Arvi did indeed feed information to Nolan knowing it would provoke Nolan to attack Sanders, then Arvi's actions may constitute a violation of Sanders' Eighth Amendment right to be free from cruel and unusual punishment. Sanders, however, provides no admissible evidence other than his own speculation that Arvi committed these actions. He alleges that Nolan told him Arvi had acted in the manner alleged in the complaint; however, the

4

Court cannot consider such evidence in this motion for summary judgment. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) ("A party may not rely upon inadmissible hearsay to oppose a motion for summary judgment.").

To the contrary, Sanders' deposition testimony evidences that Sanders has no knowledge that Arvi discussed his transfer with Nolan. Further, Sanders' allegations that Arvi moved Sanders based on unsubstantiated rumors concerning Sanders' safety or that Arvi failed to follow protocol to effectuate Sanders' move do not rise to the level of a constitutional violation. Because Sanders has failed to produce any admissible evidence to support his version of events, Arvi is entitled to judgment as a matter of law. As such, the Court need not reach the question of qualified immunity.

3. Conclusion

The Court **GRANTS** Arvi's motion for summary judgment (Doc. 57) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** June 12, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
